UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| CARRIE CASSIDY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 03-376-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CSX TRANSPORTATION, INC., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of various motions *in liminie* filed by Carrie Cassidy ("Cassidy") and CSX Transportation, Inc. ("CSX"). [Record Nos. 66-70, 72] In addition, CSX has filed an unopposed motion to supplement its witness and exhibit lists. [Record No. 75] The case involves Cassidy's claim that she was subjected to impermissible sexual harassment, gender discrimination, and employment retaliation, in violation of the Kentucky Civil Rights Act, K.R.S. § 344.040.

**DISCUSSION**

**I.     Criminal History [Record No. 67]**

Cassidy seeks to exclude the fact that: (1) in 2001 she was convicted for fleeing and evading police, driving under the influence, and second-degree wanton endangerment of a police officer and (2) in 2002 she was convicted for fourth-degree assault. She claims that this evidence is inadmissible under Rules 403, 404(b), and 608. CSX contends that it does not intend to use this evidence to attack Cassidy's character. Instead, it asserts that such evidence is

relevant: (1) to its claim that it had a legitimate, non-discriminatory reason for its employment actions and (2) to properly respond to Cassidy's claims of emotional distress. The Court agrees that this is probative, material evidence, relevant to CSX's motivation for demoting Cassidy and her claims of emotional distress, which is not substantially outweighed by unfair prejudice. Fed. R. Evid., R. 402, 403. Accordingly, the motion relating to these items of evidence will be denied.

**II.     Child Abuse [Record No. 68]**

Cassidy seeks to exclude any evidence relating to prior child abuse claims against her. She claims that this evidence is inadmissible under Rules 403, 404(b), 608, and 609. She discusses charges brought in the summer of 2004, which were ultimately dismissed. CSX, however, says it intends to offer evidence regarding charges filed in 2001, including evidence that Cassidy's parents attempted to obtain custody of her child and evidence that the Cabinet of Health and Family Services temporarily had custody of the child. CSX argues that this evidence is relevant to Cassidy's claims of emotional distress. Thus, this evidence is not being offered to show "action in conformity" with prior bad acts, which is prohibited by Rule 404(b). Rather, this evidence is offered to rebut part of Cassidy's damages claim.

While this evidence may be probative and relevant to the issue of Cassidy's emotional distress claim, the Court cannot determine at this time whether the probative value is substantially outweighed by unfair prejudice. Fed. R. Evid., R. 402, 403. Therefore, the Court will deny the motion, without prejudice to further objections being raised during trial. The

Defendant, however, will not be allowed to refer to this item of evidence during its opening statement or until such time as the Court has further considered its admissibility.

**III.    Prior Employment [Record No. 70]**

Cassidy seeks to preclude the admission of testimony regarding her brief stint as an employee of Pure Gold, a strip club located in Lexington, Kentucky. She claims that this evidence is prohibited by Rules 403, 404(b), 412, and 608. CSX, however, maintains that Cassidy openly discussed her previous work at Pure Gold as part of a pattern of lewd and sexual behavior while working at CSX.

Rule 412 states that evidence "offered to prove that any alleged victim engaged in other sexual behavior," in a suit dealing with sexual misconduct, is generally inadmissible. In a civil case, however, the evidence may be admissible if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. Fed. R. Evid., R. 412(b)(2). CSX argues that Rule 412 should not apply in this case because Rule 412 is intended to protect *private* information and Cassidy openly discussed her Pure Gold employment at work. Further, it can be argued that employment in a strip club is not necessarily "behavior" of the type covered by Rule 412.

In addition, although it is not definitely settled within this circuit whether Rule 412 applies to sexual discussions in the context of Title VII cases, two courts within this circuit have addressed this issue. *See Myer-Dupuis v. Thomson Newspapers, Inc.*, 134 f.3d 371 (table), 1997 WL 809955 (6th Cir. Dec. 19, 1997) ("Assuming Rule 412 applies in this situation," as the district court had done, the court held that admission of sexual discussions with co-workers at

previous jobs did not violate Rule 412); *Browne v. Signal Mountain Nursery, L.P.*, 286 F. Supp. 2d. 904 (E.D. Tenn. 2003). As the *Browne* Court held,

> [s]everal courts have held public sexual behavior the plaintiff engaged in while at work would be relevant to her sexual harassment claim. *See Beard v. Flying J, Inc.,* 266 F.3d 792, 801 (8th Cir. 2001) (citing *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 69 (1986), for the proposition evidence of workplace behavior is highly relevant to the question of whether the alleged harassment was welcome); *Myer-Dupis v. Thomson Newspapers, Inc.,* 134 F.3d 371, 1997 WL 809955 (6th Cir. Dec.19, 1997) (unpublished) (affirming district court that admitted public actions of the plaintiff at work, but excluded other evidence about the plaintiff's private sexual acts). The holdings in these cases are based on the idea that how a person behaves in the work place is probative of how she perceives certain public behavior, while private behavior is irrelevant to such a determination. *See Meritor,* 477 U.S. at 69 (holding "publicly expressed" fantasies would be relevant without limiting the relevance of such evidence based on where it occurred in public).

*Browne*, 286 F. Supp. 2d at 923.

Based upon the foregoing authorities, this Court concludes that the alleged conversations Cassidy had at work concerning her employment at Pure Gold would be sufficiently probative to outweigh any prejudice that may be presented by the admission of such statements. *See Valentine-Johnson v. Roche*, 386 F.3d 800, 814 (6th Cir. 2004) (Title VII hostile work environment claimant must show that conduct was unwelcome). However, before admitting such evidence: (1) the offering party must give notice at least 14 days prior to trial to alert the other party of the nature and purpose of the evidence and (2) the court must conduct an *in camera* hearing. Fed. R. Evid., R. 412(c). CSX explicitly noted in its response to Cassidy's motion *in liminie* that its response served as notice under Rule 412(c)(1)(A). Thus, the Court will conduct an *in camera* hearing to resolve the matter before the proposed evidence is offered.

Because the issue of Cassidy's counsel is still unresolved, the Court will schedule the hearing at a later date, but prior to trial.

**IV.    Sworn Statement of Bill Lee [Record No. 66]**

Cassidy also seeks to bar the admission of Bill Lee's sworn statement. She argues that: (1) his deposition was never scheduled; (2) it is irrelevant; and (3) it is hearsay. As CSX notes, Cassidy had notice of Lee's possible testimony when she identified him as someone who may have information regarding her claims in April 2004, when responding to interrogatories. Further, CSX complied with the pretrial order by identifying Lee as a possible witness, along with a summary of his expected testimony. CSX did not identify Lee's sworn statement because it intends to call him as a witness at trial. His sworn statement could possibly be admitted at trial, provided it meets any hearsay exception and is used for a proper purpose, *e.g.*, impeaching his trial testimony.

Lee will apparently testify concerning: claims that Cassidy possessed stolen CSX property; Cassidy's prior legal and custody troubles; and an allegation that Cassidy used a urine sample from her daughter to defeat a drug test. As discussed *supra*, these types of issues are relevant to CSX's motivation in demoting Cassidy and her claims of emotional distress, and not substantially outweighed by undue prejudice. Whether Lee's specific recollections of conversations are hearsay, or meet an exception to the hearsay rule, must be determined at trial. Further, whether Lee is capable of rendering an opinion on Cassidy's character for untruthfulness, pursuant to Rule 608(a), is an issue must be addressed at trial, after hearing the nature of his relationship with Cassidy.

## V.     Dr. Granacher [Record No. 69]

Cassidy maintains that the testimony of Dr. Granacher should be excluded because he was not identified in CSX's Rule 26(a)(3) disclosures. He was, however, identified in CSX's Rule 26(a)(2) disclosures and in CSX's responses to Cassidy's interrogatories. Thus, the oversight appears harmless. Fed. R. Civil Proc., R. 37(c)(1). Given the other notices provided by CSX, it does not appear that Cassidy was prejudiced by this oversight.

Cassidy also argues that Dr. Granacher's report contains impermissible legal conclusions. CSX responds by stating that it does not intend to offer the report into evidence, but will have Dr. Granacher testify as to the contents of the report. Thus, CSX will be precluded from offering the report into evidence at trial.

Cassidy next argues that the videotape of Dr. Granacher's interview with Cassidy should not be introduced because she is testifying at trial and the video of her interview would be "cumulative, duplicative, and unnecessary." Because Dr. Granacher's opinions were likely based upon Cassidy's demeanor during her interview, playing portions of the video will not be cumulative or duplicative, despite the fact that Cassidy will testify at trial.

Cassidy's final claim regarding Dr. Granacher, relating to the purpose of his report, is without merit.

## VI.    Wage Loss from Back Injury [Record No. 72]

CSX argues that Cassidy should be precluded form seeking damages beyond March 1, 2004, because her deposition testimony indicated that she has not worked since that date due to an alleged back injury. Cassidy claims that she would still be entitled to the pay differential

between her previous position and her post-demotion position. Whether Cassidy is entitled to this differential (if she succeeds on the merits), would seem to depend on whether she is being compensated for her back injury and whether that compensation would be higher if she had still been at the higher position. Such proof will presumably be adduced at trial and the jury's special verdict form can reflect any limitations on damages that are supported by the evidence.

In addition, CSX argues that Cassidy cannot prove future damages because she has not designated an expert to testify regarding future damages. Typically, however, an expert is not necessary to make such a determination. *Cf. Baynum v. Chesapeake & Ohio R.R. Co.*, 456 F.2d 658, 660-61 (6th Cir. 1972).

## VII. Re-litigating Previous Discipline [Record No. 72]

CSX maintains that Cassidy was demoted for legitimate reasons. When she was demoted, Cassidy appealed the decision, as provided for in the collective bargaining agreement ("CBA") and the Railway Labor Act ("RLA"). Her appeals were rejected and CSX's demotion became final. CSX argues that the RLA prevents courts from considering claims which involve interpretation of a CBA, citing *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252-53 (1994) and 45 U.S.C. § 153(i). Claims filed in state or federal court are prohibited when: (1) the CBA is the only source of the right the employee asserts; or (2) the resolution of the employees' claim depends upon an interpretation of the CBA. *Norris*, 512 U.S. at 257-58, 61. As the Sixth Circuit has noted, in dicta, however:

> [s]tatutes that purport to establish rights that are independent of rights under a collective bargaining agreement are not necessarily preempted even if they relate to the agreement in some way. . . . An employer cannot simply hide behind the arbitration provisions of a collective bargaining agreement to bypass his or her

> employees' statutory right not to be discriminated against. Michigan clearly has
> an interest in regulating employment discrimination.

*McCall v. Chesapeake & Ohio R.R. Co.*, 844 F.2d 294, 300 (6th Cir. 1988) (citations omitted). Cassidy's claims are based upon the Kentucky Civil Rights Act. "[S]ubstantive protections provided by state law, independent of whatever labor agreement might govern, are not pre-empted under the RLA." *Norris*, 512 U.S. at 257. Cassidy's claims will require a determination of whether CSX's actions were impermissibly based upon gender. While CSX will argue that it rightfully demoted Cassidy for work-related reasons, consistent with the CBA, the jury's determination will depend upon whether it believes CSX's justification and not whether CSX was permitted to demote Cassidy, under the terms of the CBA.

In sum, this case does not involve interpretation of the CBA; rather, it merely references the CBA in relation to CSX's claim that its decision was not impermissibly based upon gender or claims of sexual harassment.

## CONCLUSION[1]

Accordingly, for the reasons discussed herein, it is hereby

**ORDERED** as follows:

(1)   Cassidy's motions to exclude: the testimony of Bill Lee, evidence of prior criminal convictions, and evidence of child abuse charges [Record Nos. 66-68] are **DENIED**. However, CSX will not be allowed to introduce or refer to the alleged claims of child abuse [Record No. 68] until such time as the Court determines that this proposed evidence is admissible. Further,

---

[1]   The Court's analysis of these issues may change depending upon the testimony and arguments presented at trial.

the Court is not determining at this time whether the statement of Bill Lee that CSX seeks to offer at trial [Record No. 66] is admissible.

(2) Cassidy's motion to exclude the report and testimony of Dr. Granacher is **GRANTED**, insofar as it seeks to preclude admission of the report into evidence, and is **DENIED** in all other respects;

(3) Cassidy's motion to exclude evidence of prior employment [Record No. 70] is **DENIED**. However, an *in camera* hearing pursuant to Rule 412(c)(2) of the Federal Rules of Evidence will be scheduled after Cassidy's counsel's motion to withdraw is addressed;

(4) CSX's motion to exclude wage loss testimony and discussion of prior discipline [Record No. 72] is **DENIED**; and

(5) CSX's unopposed motion to supplement its witness and exhibit lists [Record No. 75] is **GRANTED**. The Clerk shall **FILE** the tendered supplemental lists.

This 17th day of May, 2005.

Signed By:
*Danny C. Reeves* DCR
United States District Judge